UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS D. SANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY and SHAHEEN CHEVROLET CADILLAC, INC.,<br><br>Defendants. | ) | Case No. 4:25-CV-1438-ZMB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants State Farm Mutual Insurance Company and Shaheen Chevrolet Cadillac, Inc.'s motions to dismiss self-represented Plaintiff Nicholas D. Sanderson's Amended Complaint or, alternatively, to transfer this case. Docs. 19, 27. Because this Court lacks personal jurisdiction over Shaheen and because relevant considerations favor transfer over dismissal, the Court grants Defendants' alternative request and transfers this case to Michigan.

**BACKGROUND**

**I. Relevant Facts**

In April 2022, Sanderson was in an auto collision that resulted in damage to his vehicle. Doc. 17 ¶ 18. He filed a claim with his insurer, State Farm, which opted to have Shaheen repair the car through its "select service" program. *Id.* ¶¶ 12, 19–22. Shaheen indicated that the damage was approaching a total loss, but State Farm chose to pay for repairs instead. *Id.* ¶¶ 23–25, 30. Shaheen returned the car to Sanderson following repairs, but there were still issues with his vehicle, which he attributes to Shaheen's failure to follow relevant repair procedures. *Id.* ¶¶ 2, 33–39. Through 2023, Sanderson repeatedly requested that State Farm pay for additional repairs, but it told him to return the vehicle to Shaheen for corrective repairs. *Id.* ¶¶ 41–42. All of this occurred in Michigan, where Sanderson was living and where Shaheen operates its shop. *See id.* ¶¶ 12, 20, 42.

Sanderson moved to Missouri in 2023. *Id.* ¶ 42. Following his relocation, Sanderson "requested authorization to use GM-certified facilities" near his new home, but State Farm told him to take the vehicle back to Shaheen in Michigan. *Id.* ¶¶ 43–44. Two years later, Sanderson made another request to State Farm related to the 2022 accident. *Id.* ¶ 45. This time, State Farm sent a representative to complete an on-site inspection at Sanderson's home, which apparently confirmed that there were multiple problems with the vehicle. *Id.* ¶¶ 47–49. While State Farm authorized a small payment for missing parts, it declined to "fund comprehensive corrective repairs" or to retroactively declare Sanderson's vehicle a total loss. *Id.* ¶¶ 50–51.

### II. Procedural History

Sanderson filed this action a few days after State Farm made its decision. *See id.*; Doc. 1. Initially, Sanderson asserted only Michigan and federal claims against State Farm. Doc. 1 at 5–8. But he later amended his complaint, adding both Shaheen as a defendant and two claims under Missouri law. *See* Doc. 17 ¶¶ 58–156. State Farm and Shaheen then moved to dismiss the action or for a transfer to Michigan. Docs. 19, 27, 33. Sanderson opposed each request, Docs. 21, 30, and Shaheen replied, Doc. 33, so both motions are ripe for review.

## LEGAL STANDARD

Among other grounds, a defendant may move to dismiss a case for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). To survive such motions, the plaintiff must make a prima facie showing "by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (quotation and alteration omitted). This showing is "minimal" but may be tested by the pleadings, affidavits, and exhibits, with the evidence viewed in the light most favorable to the plaintiff. *Id.* at 592. Ultimately, though, the plaintiff bears the burden of establishing personal jurisdiction. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

A defendant also may move to dismiss or transfer a case for improper venue. 28 U.S.C. §§ 1404, 1406; FED. R. CIV. P. 12(b)(3). As relevant here, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the [forum] State," "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or, if neither of those apply, (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of [these] three categories." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* "However, even if venue is proper under § 1391, a court can transfer the case to another federal venue 'where it might have been brought' or 'to which all parties have consented.'" *Grandview Pharm. Servs. v. AlignRx, LLC*, 2024 WL 5036665, at *3 (W.D. Mo. Oct. 9, 2024) (quoting 28 U.S.C. § 1404(a)).

## DISCUSSION

Here, the Court lacks personal jurisdiction over Shaheen. Thus, even assuming this District is a proper venue for Sanderson to sue State Farm, the balance of relevant factors warrants transfer of the whole action to the Western District of Michigan. The Court will address each point in turn.

### I. Personal Jurisdiction over Shaheen and Transfer over Dismissal

First, Shaheen argues that this Court lacks personal jurisdiction over it, as general personal jurisdiction does not exist here and Sanderson "is the only link between Shaheen and Missouri." Doc. 28 at 3–5. Sanderson suggests personal jurisdiction is proper because his claim does not depend on the mere "act of wrench-turning," and he emphasized that Shaheen emailed him while he was in Missouri. Doc. 30 at 7–8. In the alternative, Sanderson asks to conduct jurisdictional discovery before a ruling. *Id.* at 8. However, he has failed to meet his burden of showing that Shaheen personally availed itself of Missouri, and there is no reason to permit discovery on this point.

Missouri's long-arm statute authorizes "jurisdiction over non-residents to the extent permissible under the due process clause." *Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015). As such, the Court may exercise personal jurisdiction over Shaheen if it "[had] minimum contacts with [Missouri] such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." *Fastpath*, 760 F.3d at 820. In considering whether the exercise of jurisdiction comports with due process, the Court analyzes five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Eagle Tech.*, 783 F.3d at 1136.

Sanderson has failed to make a prima facie showing of personal jurisdiction. The Amended Complaint fails to allege that Shaheen had a single contact with Missouri. The only relevant contact Sanderson identifies is that someone from Shaheen emailed Sanderson while he was in Missouri, detailing the work it previously performed on his vehicle in Michigan. *See* Doc. 30 at 7; *see also* Doc. 17-2 at 10. But that limited interaction is insufficient. While the email is tangentially related to the cause of action, it is so insignificant that Shaheen could not have foreseen that it could be haled into Missouri as a result of sending it. *See TrueNorth Co. v. TruNorth Warranty Plan*, 423 F. Supp. 3d 604, 613 (N.D. Iowa 2019) (finding 45 targeted emails related to the cause of action insufficient to establish minimum contacts with the forum state). And although Sanderson suggests throughout his Amended Complaint that he felt the effects of Shaheen's conduct in Missouri, he has not alleged an intentional tort or that Shaheen's "acts . . . were uniquely or expressly aimed at [Missouri]." *See Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 931 (8th Cir. 2023) (citation omitted). As such, Sanderson has failed to meet his burden to show that the Court may exercise personal jurisdiction over Shaheen.

Despite this deficiency, Sanderson asks the Court to grant jurisdictional discovery. *See* Doc. 30 at 8. In particular, he suggests that limited discovery will flesh out Shaheen's contact with him while in Missouri, its knowledge of his move, its communications and agreements with State Farm, and whether Shaheen engaged in work with State Farm "affecting Missouri insureds or Missouri-based claim handling." *Id.* But a request for such discovery cannot be based on "mere[] speculations or conclusory allegations" and should not be granted to authorize "a fishing expedition" in the hope of finding "potential contacts with the forum state." *M-1 Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 2015 WL 12803577, at *1 (D. Minn. Nov. 9, 2015) (citations omitted). The Court will not delay this case to permit such discovery when Sanderson cannot establish any contacts beyond a one-off email with a repair shop detailing previous work it performed in Michigan. As Sanderson has failed to establish a prima facie showing, and because there is no reason to justify jurisdictional discovery, the Court finds that it lacks jurisdiction as to Shaheen at this time.

Finally, while Shaheen's lead request for relief is dismissal, it does not oppose transfer and—to its credit—appears to recognize that course as more appropriate. *See* Doc. 28 at 1, 6–8. In the interests of justice, the Court may transfer an action in lieu of dismissal to cure the jurisdictional defects, *see* 28 U.S.C. §§ 1406(a), 1631; *see also Johnson v. Woodcock*, 444 F.3d 953, 954 n.2 (8th Cir. 2006) (acknowledging that district courts have authority to transfer for lack of personal jurisdiction). Because transfer would reduce the burden on Sanderson as a self-represented plaintiff and is consistent with the factors discussed below, the Court will grant transfer in lieu of dismissal.

## II. Transfer of State Farm

Without Shaheen, the only Defendant potentially remaining is State Farm. Although it claims this District is an improper forum, State Farm highlights multiple factors that favor transfer to Michigan even if venue were proper, including that the relevant conduct occurred in Michigan. Doc. 20. State Farm admits that it is subject to personal jurisdiction in Michigan and argues that severing Shaheen would be less efficient than transferring the whole case. Doc. 20 at 4. For his part,

Sanderson correctly notes that, just because Michigan is a more convenient venue, that factor alone does not defeat venue here. Doc. 21 at 4–5. In addition, Sanderson argues that severance of the claims would be appropriate, that his vehicle is present in this District, and State Farm has not identified specific witnesses in Michigan. *Id.* at 5. State Farm has the better of the arguments.

Even when a particular forum is a correct venue, the Court may still transfer a case "in the interest of justice" and "[f]or the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Eighth Circuit has "declined to offer an exhaustive list of specific factors to consider in making the transfer decision." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quotation omitted). However, courts generally consider two sets of factors: the balance of convenience and the interest of justice. *Wrex Grp., LLC v. USAT Logistics*, No. 4:23-CV-649-HEA, 2024 WL 3225987, at *3 (E.D. Mo. June 28, 2024) (citing *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)). Under the balance-of-convenience factors, the Court considers:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Id.* (citation omitted). Of those factors, the convenience of the witnesses is a "primary, if not most important" factor. *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citation omitted). Under the interest-of-justice factors, the Court considers:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Wrex Grp.*, 2024 WL 3225987, at *3 (citation omitted). Additionally, the Court gives significant weight to the plaintiff's chosen venue, but that deference alone will not preclude transfer. *Id.* at *2.

Although the Court recognizes that this District is Sanderson's chosen forum, his preference alone cannot overcome the factors weighing in favor of transfer. First, the balance-of-convenience factors weigh heavily in favor of transfer. Sanderson is the only party present in this District. But the bulk of witnesses to the repair would be in Michigan—the state where the alleged misconduct occurred and where Sanderson himself previously resided. In fact, it appears from the Amended Complaint that the only witnesses present in Missouri are Sanderson himself and potentially one State Farm inspector. Finally, although Sanderson added two claims under Missouri law, he also asserts Michigan claims and that Michigan law applies to his "policy-based remedies." *See* Doc. 17 ¶ 13. Thus, the balance of convenience strongly favor transfer to Michigan.

The interest-of-justice factors likewise favor transfer. First, in terms of judicial economy, Shaheen cannot be sued in this District, and having two separate cases in two courts over the same subject matter is the kind of "wastefulness of time, energy and money that § 1404(a) was designed to prevent." *See Green Plains Trade Grp. v. Archer Daniels Midland Co.*, 2020 WL 6544289, at *4 (D. Neb. Nov. 6, 2020) (collecting cases). Second, the comparative costs are likely less in Michigan, as most of the witnesses to the disputed issues would be present in that forum. Further, transfer to Michigan will not hinder a fair trial, and any interest in failing to pay out on a Michigan-based insurance contract is best left to a jury in that state. True, Sanderson's choice of forum weighs heavily in favor of not transferring the case, especially given his pro se status. But even that consideration is mitigated by the fact that Sanderson asks the Court to allow him to pursue his claim against Shaheen in Michigan, Doc. 21 at 5, meaning he has demonstrated a willingness to prosecute an action there. Thus, the interest-of-justice factors also support transferring this case.

In sum, the bulk of the relevant factors weigh in favor of keeping this case intact and transferring the entire action to Michigan. As such, the Court will do just that.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants State Farm Mutual Insurance Company and Shaheen Chevrolet Cadillac, Inc.'s [19] [27] motions to dismiss or transfer insofar as they seek transfer to the Western District of Michigan. A separate order of transfer will follow.

So ordered this 24th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE